**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| JERARDO RODRIGUEZ, | |
| Plaintiff, | **No. 03:13-cv-00414-HU** |
| vs. | **ORDER ON APPLICATION TO PROCEED** |
| ASSISTANT ATTORNEY GENERAL DENISE G. FJORDBECK, *et al.*, | ***IN FORMA PAUPERIS,* AND FINDINGS & RECOMMENDATIONS ON INITIAL REVIEW** |
| Defendants. | |

HUBEL, M.J.:

   This matter is before the court on the plaintiff's application to proceed *in forma pauperis*, filed March 13, 2013. Dkt. #1. The plaintiff concurrently filed a Complaint, for the purpose of asserting a claim against the defendants under 42 U.S.C. § 1983. Dkt. #2. The court finds the plaintiff's application meets the requirements set forth in 28 U.S.C. § 1915(a)(1), showing that the plaintiff is unable to pay the filing fee. Accordingly, the plaintiff's application to proceed *in forma pauperis* is **granted**. However, the Complaint will not be served on the defendants at this time. For the reasons discussed below, the undersigned recommends the plaintiff's Complaint be dismissed because his claims are frivolous and fail to state a claim for which relief may be granted. *See* 28 U.S.C. § 1015(e)(2).

   On September 7, 2005, the plaintiff Jerardo Rodriguez filed a section 1983 action against the Director of the Oregon Department

1 - FINDINGS & RECOMMENDATIONS

of Corrections, and numerous other individuals, alleging several violations of his constitutional rights between March and May 2005, while he was imprisoned within the Oregon correctional system. *See Rodriguez v. Director of ODOC*, Case No. 03:05-cv-01422-PK (the "2005 case"). In that case, the Honorable Garr M. King of this court found that during times when Rodriguez was incarcerated, he had brought three or more prior cases that were dismissed as frivolous. Judge King therefore found Rodriguez was ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). *See* Dkt. #10 in the 2005 case. When Rodriguez failed to pay the filing fee, the case was dismissed.

On March 7, 2008, Rodriguez filed another case challenging the same alleged conduct. *See Rodriguez v. Williams*, Case No. 03:08-cv-00290-ST (the "2008 case"). The Honorable Michael W. Mosman of this court granted the defendants' motion to dismiss the case on statute-of-limitations grounds, and also on the basis that Rodriguez's claims against the Oregon Parole Barred were barred by the Eleventh Amendment. *See* Dkt. #85 in the 2008 case, adopting Dkt. #78, Findings & Recommendation by Magistrate Judge Stewart. Rodriguez appealed the dismissal of the 2008 case to the Ninth Circuit Court of Appeals. On August 11, 2011, the appellate court affirmed Judge Mosman's dismissal of the case on all grounds. *See* Dkt. #95-1 in the 2008 case. Among other things, the Ninth Circuit found the district court had properly allowed the defendants to raise a statute-of-limitations argument for the first time during summary judgment, noting Rodriguez had not been prejudiced thereby because the defendants had notified Rodriguez and his attorney early on that they intended to raise such a defense. *Id.*, p. 3.

2 - FINDINGS & RECOMMENDATIONS

Rodriguez brings the present action against former Oregon Attorney General John R. Kroger; Assistant Attorneys General Denise G. Fjordbeck, Leigh A. Salmon, Katherine von Ter Stegge, and Kristin A. Winges; Deputy Attorney General Mary H. Williams (listed by Rodriguez as "Solicitor General"); and Rodriguez's former court-appointed attorney James K. Hein. Rodriguez claims the defendants conspired together and engaged in misconduct for the purpose of allowing the defendants in the 2008 case to assert an untimely statute-of-limitations defense, in violation of Rodriguez's constitutional rights. *See* Dkt. #2.

In his Complaint, Rodriguez basically seeks to relitigate the 2008 case. As noted above, the appellate court held the district court properly allowed the defendants to raise their statute-of-limitations defense at the summary judgment stage. *See* Dkt. #95-1 in the 2008 case. As a result, assertion of the statute-of-limitations defense was not untimely, as Rodriguez alleges here, and there is no factual or legal basis for his claim. The court must dismiss a case if the court finds the plaintiff's claims are frivolous, fail to state a claim for which relief may be granted, or seek monetary relief against a defendant who is immune from the requested relief. 28 U.S.C. § 1915(e)(2). Here, Rodriguez's claims are frivolous on their face, and do not state a claim for which relief may be granted. Accordingly, this case should be dismissed.

Ordinarily, before dismissing a *pro se* Complaint for failure to state a claim, the court must advise the plaintiff of the Complaint's deficiencies, and give the plaintiff leave to amend the pleading. Leave to amend is not required, however, where it is

3 - FINDINGS & RECOMMENDATIONS

clear the Complaint's deficiencies cannot be cured by amendment. *Turner v. Advantage N.W. Credit Union*, 2011 WL 2293095, at *1 (D. Or. June 3, 2011) (Brown, J.) (citing *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008)). Here, there is no likelihood that Rodriguez could state a cognizable claim based on these facts. Accordingly, I recommend he not be allowed leave to amend.

### ***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **April 9, 2013, 2013**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **April 26, 2013**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 22nd day of March, 2013.

/s/ Dennis J. Hubel

Dennis James Hubel
Unites States Magistrate Judge

4 - FINDINGS & RECOMMENDATIONS